IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STERLING BOILER & MECHANICAL, INC., ) | Civil Action No. 2:12-cv-00755-CB |
| ) | |
| Plaintiff, ) | Honorable Cathy Bissoon |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| SIEMENS ENVIRONMENTAL SYSTEMS & ) | |
| SERVICES, ) | |
| ) | |
| Defendant-Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| GENON NORTHEAST MANAGEMENT ) | |
| COMPANY f/k/a RELIANT ENERGY ) | |
| NORTHEAST MANAGEMENT COMPANY, ) | |
| GENON MIDWEST POWER, L.P. ) | |
| ) | |
| Third Party Defendants. ) | |

## DEFENDANT-THIRD PARTY PLAINTIFF'S REPLY TO THIRD PARTY DEFENDANT'S COUNTERCLAIMS

Defendant-Third Party Plaintiff, Siemens Energy, Inc. (improperly identified in the caption as Siemens Environmental Systems & Services) ("Siemens"), responds as follows to the Counterclaims filed by Third Party Defendant, GenOn Midwest Power, L.P. ("GenOn Power").

## REPLY TO COUNTERCLAIM

Paragraphs 1-45 of GenOn Power's Answer & Counterclaims constitute its Answer to Siemens' Third Party Complaint and no responsive pleading by Siemens is required.

Paragraphs 46-54 of GenOn Power's Answer & Counterclaims constitute GenOn Power's Affirmative Defenses to Siemens' Third Party Complaint. Siemens generally denies the affirmative defenses.

**Count I – Breach of Contract – Cheswick Project**
*GenOn Power vs. Siemens*

55.     Siemens admits that Wheelabrator entered into a Purchase Order with Orion Power Midwest, L.P.,  In further response, Siemens asserts that the Purchase Order is a written document which speaks for itself.  Siemens denies any attempt to characterize its terms, meaning or legal effect.

56.     After reasonable investigation, Siemens is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56, and they are therefore denied.

57.     Admitted.

58.     The allegations of paragraph 58 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself.  Siemens denies any attempt to characterize its terms, meaning or legal effect.

59.     Admitted, on information and belief.

60.     Siemens admits that inspections of the absorber were conducted in October of 2010, and that some corrosion was observed during those inspections.  The remainder of the allegations in paragraph 60 are denied.  By way of further response, Siemens denies that the corrosion resulted from any act or omission of Siemens.  To the contrary, the absorber as engineered and installed by Siemens was fully in accordance with the contract requirements.  The corrosion was the result of the manner in which GenOn Power operated the absorber and/or the material GenOn Power specified for the lining of the absorber.

61.     Denied.

62. The allegations of paragraph 62 refer to correspondence dated November 1, 2010, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning, or legal effect.

63. The allegations of paragraph 63 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

64. The allegations of paragraph 64 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

65. The allegations of paragraph 65 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

66. The allegations of paragraph 66 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

67. The allegations of paragraph 67 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

68. The allegations of paragraph 68 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

69. The allegations of paragraph 69 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

70. The allegations of paragraph 70 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

71. Denied. Also, the allegations of paragraph 71 are conclusions of law to which no response is required.

72. Denied. Also, the allegations of paragraph 72 are conclusions of law to which no response is required.

73. Denied. Also, the allegations of paragraph 73 constitute conclusions of law to which no response is required.

74. Denied. Also, the allegations of paragraph 74 are conclusions of law to which no response is required.

WHEREFORE, Siemens Energy, Inc. denies any and all liability and demands judgment in its favor and against GenOn Midwest Power, L.P., with costs of suit sustained, and such other relief as the Court may deem just.

**Count II – Breach of Contract – Cheswick Project**
*GenOn Power vs. Siemens*

75. Siemens incorporates herein by reference Paragraphs 1 – 74 of this Reply to Counterclaims and paragraphs 1-45 of its Third Party Complaint.

76. The allegations of paragraph 76 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

77. The allegations of paragraph 77 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

78. The allegations of paragraph 78 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

79. The allegations of paragraph 79 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

80. Siemens admits that performance tests were conducted from August 23-26, 2010. The remaining allegations of paragraph 80 are denied.

81. Siemens admits that performance tests were conducted from May 11-13, 2011. The remaining allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

83. The allegations of paragraph 83 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

84. The allegations of paragraph 84 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

85. The allegations of paragraph 85 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

86. Denied. Also, the allegations of paragraph 86 are conclusions of law to which no response is required.

87. Denied. Also, the allegations of paragraph 87 are conclusions of law to which no response is required.

WHEREFORE, Siemens Energy, Inc. denies any and all liability and demands judgment in its favor and against GenOn Midwest Power, L.P., with costs of suit sustained, and such other relief as the Court may deem just.

### Count III – Breach of Contract – Cheswick Project
*GenOn Power vs. Siemens*

88. Siemens incorporates herein by reference Paragraphs 1 – 87 of this Reply to Counterclaims and paragraphs 1-45 of its Third Party Complaint.

89. The allegations of paragraph 89 refer to the contents of the Cheswick Contract and an August 31, 2009 Change Order, which are written documents that speak for themselves. Siemens denies any attempt to characterize their terms, meaning or legal effect

90. The allegations of paragraph 90 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

91. The allegations of paragraph 91 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

92. The allegations of paragraph 92 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

93. The allegations of paragraph 93 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

94. The allegations of paragraph 94 refer to the contents of the Cheswick Contract, which is a written document that speaks for itself. Siemens denies any attempt to characterize its terms, meaning or legal effect.

95. Denied.

96. Denied. Also, the allegations of paragraph 96 are conclusions of law to which no response is required.

97. Siemens admits only that it has not paid any liquidated damages to GenOn Power, but denies that any liquidated damages are due and owing. The remaining allegations of paragraph 97 are denied.

WHEREFORE, Siemens Energy, Inc. denies any and all liability and demands judgment in its favor and against GenOn Midwest Power, L.P., with costs of suit sustained, and such other relief as the Court may deem just.

## FIRST AFFIRMATIVE DEFENSE

98. GenOn Power's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

99. GenOn Power's claims are barred by its own failures to comply with the provisions of the parties' contract.

## THIRD AFFIRMATIVE DEFENSE

100. GenOn Power's claims are barred, in whole or in part, by the limitation of liability provisions in the parties' contract.

## FOURTH AFFIRMATIVE DEFENSE

101. GenOn Power's claims are barred, in whole or in part, by the doctrine of set-off.

## FIFTH AFFIRMATIVE DEFENSE

102. GenOn Power's claims are barred, in whole or in part, by its failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

103. GenOn Power's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

104. GenOn Power's claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or settlement and release.

WHEREFORE, Siemens Energy, Inc. denies any and all liability and demands judgment in its favor and against GenOn Midwest Power, L.P., with costs of suit sustained, and such other relief as the Court may deem just.

Dated:  October 8, 2012 Respectfully submitted,

*/s/ Ralph A. Finizio*
Ralph A. Finizio, Esquire, PA ID #39560
Ann B. Graff, Esquire, PA ID #90022
Robert A. Gallagher, Esquire, PA ID #205700
PEPPER HAMILTON LLP
One Mellon Center
500 Grant Street, 50th Floor
Pittsburgh, PA  15219
Telephone:  (412) 454-5000
Facsimile:  (412) 281-0717
finizior@pepperlaw.com
graffa@pepperlaw.com
gallaghr@pepperlaw.com

*Attorneys for Defendant Siemens Energy Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2012 a true and correct copy of the foregoing **DEFENDANT-THIRD PARTY PLAINTIFF'S REPLY TO THIRD PARTY DEFENDANT'S COUNTERCLAIMS** was served via e-mail and the Court's ECF System upon the following:

Jeremy S. Baker
Kevin L. Kolton
Kenneth M. Roberts
Schiff Hardin LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
jbaker@schiffhardin.com
kroberts@schiffhardin.com
kkolton@schiffhardin.com

Moira E. Cain-Mannix
Bernard D. Marcus
Marcus & Shapira
301 Grant Street
35th Floor, One Oxford Centre
Pittsburgh, PA 15219-6401
marcus@marcus-shapira.com
cain-mannix@marcus-shapira.com

Brian R. Davidson
Kari M. Horner
Dingess, Foster, Luciana, Davidson & Chleboski LLP
20 Stanwix Street
Pittsburgh, PA 15222
bdavidson@dfllegal.com
khorner@dfllegal.com

Mark J. Groff (*Pro Hac Vice*)
Paul W. Killian (*Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
mgroff@akingump.com
pkillian@akingump.com

*/s/ Ralph A. Finizio*
Ralph A. Finizio, Esquire